IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                   CR No. 95-538 MV

CESAR GONZALES, ET AL.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Government's Motion to Reconsider the Court's April 18, 2001 Order, filed April 30, 2001 **[Doc. No. 2473]**. The Court, having considered the motion, relevant law and otherwise being fully informed, finds that the motion is not well taken and will be **denied.**

Defendant did not specify the particular rule of procedure pursuant to which he moved for reconsideration. However, the Tenth Circuit has clearly stated that "regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e)." *Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997). Because defendant's motion was filed within ten days of this Court's order, Rule 59(e) controls. A motion to alter or amend the judgment pursuant to Rule 59(e)should be granted only "to correct manifest errors of law or to present newly discovered evidence.'" *Phelps*, 122 F.3d at 1324 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)). A motion to reconsider "is not a license for a losing party's attorney to get a 'second bite at the apple'" to make legal

arguments that could have been made previously. *Mantle Ranches, Inc. v. U.S. Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997) (quoting *Johnston v. Cigna Corp.*, 789 F. Supp. 1098, 1101 (D. Colo. 1992)).

The Court finds that the Court's previous Order did not contain any manifest errors of law, nor has the Government presented newly discovered evidence that would entitle him to a reconsideration of the Court's prior ruling. The Government raises several issues, none of which have merit.

The Government argues that this Court's April 18, 2001 Order was a criminal contempt sanction because the words operate as a public censure against the individual Assistant United States Attorney. The Government states: "Any time this court states as an established fact that [the AUSA] intentionally misled this Court or intentionally committed any other misconduct, as it does in its most recent Order, this Court is again publicly censuring [the Government] for conduct he has maintained for four years did not occur." Motion to Reconsider at 8. The Government contends that because the *Gonzales* case was completed at the time the April 18, 2001 Order was entered, it could only be considered a criminal contempt sanction. The Government further states that he has never been given an opportunity to defend against allegations of his misconduct.

The Government's argument is premised on an incorrect conclusion. This Court did not sanction the AUSA in its April 18, 2001 Order. In fact, the Court stated that sanctions will not be imposed. The Court's April 18, 2001 Order simply reiterates the background of the case, stating previous findings that were made about the Government's conduct (from this Court, the Tenth Circuit, and the State Bar) and restates in written form what the Court stated from the bench (to which the Government did not object at the time it was said). The Court did not impose new sanctions or even state new findings. Importantly, the Court did not mention the individuals

responsible by name, nor has this Court ever mentioned the individuals by name in any opinion.

The Court has found that the Government committed misconduct in the course of the *Gonzales* case. The Tenth Circuit upheld that finding. The Government apparently wishes for this Court to reverse its previous findings, as well as those of the Tenth Circuit, in order to exonerate him. The Court decided not to impose sanctions, but it will not, and did not decide to, reverse its previous findings.

The fact that this Court stated in a written Order that the Government committed misconduct does not amount to an imposition of criminal sanctions. The cases the Government cites are not to the contrary. In fact, they deflate the Government's position. In each of those opinions, the courts chastised the attorney for engaging in misconduct. Not only is it proper for a court to speak to an attorney in an opinion, in fact, "the task of ensuring that attorneys conduct themselves pursuant to recognized ethical precepts falls primarily upon district courts." *United States v. Modica*, 663 F.2d 1173, 1184 (2nd Cir. 1981).

The Government will be reminded that this Court's initial remedy was to exclude the testimony and statements of the witness rather than sanction him personally. The Government appealed that decision. The Tenth Circuit reversed this Court's remedy, stating that the exclusion of testimony was too harsh, and that this Court could impose sanctions on the individual Government actor. However, the Tenth Circuit upheld this Court's findings that misconduct occurred. The Tenth Circuit cited a range of possible sanctions, including, among other things, allowing the witness to be redeposed by defense at government expense, censuring or fining the government attorneys involved in the misconduct, or recommending disciplinary proceedings against the government attorneys involved. The Court's April 18, 2001 Order was well within the Tenth Circuit's directive. The only argument that can be made that the Order was outside of the

Tenth Circuit's instruction is the fact that this Court declined to impose sanctions.

With respect to the argument that the Government never had an opportunity to defend against allegations of its misconduct, the Government is mistaken. He has had numerous opportunities to defend the allegations. The most critical time was during the trial. When the Court issued its first Order on June 13, 1997, the Government filed a motion for reconsideration. The Government then appealed this Court's decision to the Tenth Circuit and thereby had another opportunity to defend his actions. Most recently, the sanctions hearing was set to determine whether sanctions would be levied against the Government. The Government states that they did not introduce evidence because they "were led to believe no further sanctions of any kind would be imposed." Government's Motion to Reconsider at 15. The Government does not explain the basis for this belief. This Court never intimated that sanctions would not be imposed or led the Government to believe anything. In fact, considering the remand order from the Tenth Circuit and this Court's previous findings, the Court finds it difficult to believe anything but that sanctions would be, and most certainly could be, imposed. The Government states that had it known that the hearing would "operate as a criminal contempt proceeding," it would have insisted upon his right to call witnesses and offer testimony to rebut each of the charges against him. This Court imposed no limitation on the Government's ability to present witnesses nor did it dictate in any way how the hearing was to proceed. The fact that the Government chose to submit a lengthy notebook to the Court rather than call witnesses was his strategic decision.[1]

---

[1] Not only did the Government have notice of the possibility of sanctions from the Tenth Circuit's remand order and this Court's previous findings, but also from the parties' conversations with Court staff about scheduling the hearing. Initially, both parties called the Court and told them they did not need a hearing. The Court informed them that it was up to the Court to decide to whether to sanction the Government, and that a hearing would be held. The parties then told the Court that they would like to proceed with the hearing as an informal conference in Chambers. The Court told the parties that the hearing was to proceed in Court, formally, and on the record. The Government was not entitled to believe that this Court would not consider sanctions.

Even if this Court were to consider that criminal sanctions were imposed upon the Government, the Court finds that the sanctions hearing complied with due process under Rule 42. The Government was given notice of the hearing, the notice stated the time and place of the hearing, allowed a reasonable time for preparation of the defense, and the notice stated the essential facts constituting the contempt charges. The Government raises for the first time in its Motion to Reconsider that because the contempt charge involved disrespect to this Court, this Court is disqualified from presiding at the hearing. However, F. R. Crim. Proc. 42(b) states that the judge is disqualified from presiding at the hearing "except with defendant's consent." The Government never objected previously to this Court presiding over the sanctions hearing. Therefore, the Government consented, and its argument is without merit.

**IT IS THEREFORE ORDERED** that the Government's Motion to Reconsider the Court's April 18, 2001 Order, filed April 30, 2001 **[Doc. No. 2473]** is hereby **denied.**

Dated this 3rd day of June, 2001.

                                          MARTHA VÁZQUEZ
                                          UNITED STATES DISTRICT JUDGE

Attorney for Government
Mark Jarmie

Attorney for Defendants
Billy Blackburn